UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROOSEVELT ROAD RE, LTD. and
TRADESMAN PROGRAM MANAGERS,
LLC,

                Plaintiffs,

      v.

HERBERT S. SUBIN, ERIC D. SUBIN,
JORGE ARTURO GONZALEZ LUPI, and
JOHN DOES 1–50,

                Defendants.

**MEMORANDUM & ORDER**
24-CV-05033 (HG)

**HECTOR GONZALEZ**, United States District Judge:

In a prior order, which is incorporated by reference in this decision, the Court dismissed Plaintiffs' First Amended Complaint, ECF No. 26 ("FAC"), without prejudice and with leave to amend. *See Roosevelt Rd. Re, Ltd. v. Subin*, No. 24-cv-05033, 2025 WL 1713109 (E.D.N.Y. June 19, 2025).[1] Plaintiffs then filed their Second Amended Complaint. ECF No. 56 ("SAC"). Because the SAC far exceeds the scope of the Court's grant of leave to amend, the Court rejects the SAC and deems the FAC the operative pleading. Counts I and II of the FAC, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1962(d), *see* FAC ¶¶ 70–79, are DISMISSED with prejudice for the reasons provided in the Court's prior order, *see Roosevelt Rd.*, 2025 WL 1713109. As for Counts III and IV, Plaintiffs' state common law fraud and unjust enrichment claims, *see* FAC ¶¶ 80–98, the Court declines to exercise supplemental jurisdiction. Because all federal claims are dismissed, to

---

1     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

the extent Plaintiffs assert a standalone claim under the Declaratory Judgment Act in Count V, *see* FAC ¶¶ 99–102, that claim is also DISMISSED.

## BACKGROUND

For a factual history of this case, the Court refers the reader to its prior order, *Roosevelt Rd.*, 2025 WL 1713109, at *1–2, rather than repeat it here. Instead, the Court provides the relevant procedural history. Plaintiffs initiated this action on July 19, 2024. *See* ECF No. 1. On November 1, 2024, Defendants Herbert Subin and Jorge Arturo Gonzalez Lupi ("Lupi") filed pre-motion letters summarizing their arguments in favor of dismissal. *See* ECF Nos. 17 & 18. On November 8, 2024, Plaintiffs filed a pre-motion letter arguing against dismissal. *See* ECF No. 21. In that letter, Plaintiffs wrote that "[a]lthough Plaintiffs believe the Complaint is sufficiently pled, should the Court find any deficiencies, Plaintiffs believe such can be cured through amendment." *Id.* at 3. The Court then granted Plaintiffs' request for leave to file an amended complaint "to address the issues raised in Defendants' pre-motion letters." *See* November 12, 2024, Text Order.

On November 26, 2024, the parties filed a joint letter and proposed case management plan. *See* ECF No. 25. That same day, Plaintiffs filed their FAC. On December 5, 2024, the Court declined to adopt the parties' proposed case management plan and instead issued its own plan. *See* ECF No. 31. Defendant Herbert Subin filed his motion to dismiss on January 6, 2025. *See* ECF No. 36. Defendant Lupi filed his motion to dismiss the next day. *See* ECF No. 37. On January 17, 2025, Defendant Eric Subin filed his motion to dismiss. *See* ECF No. 41. On February 25, 2025, Plaintiffs filed their oppositions to the motions to dismiss. *See* ECF Nos. 46 & 47. In their opposition, Plaintiffs requested that "to the extent that the pleading of additional facts are necessary to correct any deficiencies in the FAC, [they] can amend the FAC at the

2

Court's request to address those deficiencies." ECF No. 46 at 35. On March 5, 2025, Defendants filed their replies. *See* ECF Nos. 49 & 50. On June 19, 2025, the Court issued an order granting Defendants' motions to dismiss the FAC without prejudice and with leave to amend. *See* ECF No. 55; *Roosevelt Rd.*, 2025 WL 1713109.

Regarding leave to amend, the Court noted that "this case presents a close call" because the "exact issues regarding injury and causation were raised at the pre-motion stage, after which Plaintiffs amended." *Id.* at *8. Moreover, the Court stated that the "problems with injury do not appear to stem from mere pleading deficiencies that can be fixed with additional facts but rather from Plaintiffs' commercial positions vis-à-vis Defendants." *Id.* Nevertheless, the Court granted leave to amend to address these issues "out of an abundance of caution." *Id.* Plaintiffs filed their SAC on July 20, 2025. *See* ECF No. 56. On August 4, 2025, Defendants Eric Subin and Herbert Subin (the "Subin Defendants") filed a pre-motion letter arguing that the Court should reject the SAC because "it pleads new allegations that directly contradict prior pleadings" and because "it grossly exceeds the scope of permissible amendment." *See* ECF No. 58. They further argue that "the new allegations in the SAC do not cure the pleading defects as to [P]laintiffs' injury and causation." *Id.* The next day, Defendant Lupi filed a letter adopting the Subin Defendants' arguments. *See* ECF No. 59. On August 11, 2025, Plaintiffs filed opposition letters in response. *See* ECF Nos. 61 & 62.

## LEGAL STANDARD

### A. Rule 15(a)(2)

Federal Rule of Civil Procedure Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." As a general matter, "[t]he court should freely give leave [to amend] when justice so requires." *Id.*; *see also*

3

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."). But leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

Given the Court's power to impose conditions on leave to amend, "[t]he power to dismiss claims that exceed a leave to amend stems from the Court's inherent authority" to enforce its orders. *Bravo v. Established Burger One, LLC*, No. 120-cv-9044, 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013). And pursuant to that authority, "[d]istrict courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases).

**DISCUSSION**

**I.     The Court's Prior Dismissal**

Although Defendants raised several challenges to Plaintiffs' claims, *see generally* ECF Nos. 36 & 37, the Court dismissed the FAC's RICO claims on a single ground: Plaintiffs failed to satisfy Section 1964(c)'s "direct-relationship requirement" (often discussed as proximate cause under the statute). *See Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 612 (2025); *Roosevelt Rd.*, 2025 WL 1713109, at *2–7. That defect was fatal to both of Plaintiffs' RICO claims. *See Roosevelt Rd.*, 2025 WL 1713109, at *7. The Court then declined to exercise supplemental

4

jurisdiction over the state law claims and dismissed the claim for declaratory relief without prejudice. *Id.* at *7–8.

As for leave to amend, the Court noted that this was a "close call" because the "exact issues regarding injury and causation were raised at the pre-motion stage, after which Plaintiffs amended," and further observed that the "problems with injury do not appear to stem from mere pleading deficiencies that can be fixed with additional facts but rather from Plaintiffs' commercial positions vis-à-vis Defendants." *Id.* Nevertheless, "out of an abundance of caution," the Court allowed a limited amendment to address those specific issues. *Id.*

## II.     The Second Amended Complaint

### A.     The SAC Substantially Exceeds the Limited Leave Granted

Rather than confining their amendment to the narrow proximate-cause defect the Court identified, Plaintiffs filed a SAC that adds 84 pages, 262 paragraphs, four new counts, and five new defendants—and advances new legal theories. *Compare* FAC, *with* SAC. For example, the SAC newly alleges that Plaintiffs suffered damages as "primary carrier[s]" rather than reinsurers by "substitut[ing] for Accredited," a "fronting company" absent from the FAC. SAC ¶¶ 48–63. The SAC also introduces an "investment injury" theory based on some Defendants' purported "use of proceeds from racketeering activity." *Id.* ¶¶ 318–38.

Leave to amend was not a license to recast the case. Indeed, the Court permitted only a targeted repleading and specifically warned that amendment appeared likely to be futile. District courts have inherent authority to enforce the limits of their orders, and they "routinely dismiss" or disregard allegations that exceed a circumscribed leave to amend. *See Palm Beach*, 457 F. App'x at 43; *Bravo*, 2013 WL 5549495, at *5. That principle applies with special force where, as here, Plaintiffs requested that, "to the extent that the pleading of additional facts are necessary

5

to correct any deficiencies in the FAC," that they be allowed to "amend the FAC . . to address those deficiencies."[2] ECF No. 46 at 35.

The SAC, in effect, amounts to filing a new lawsuit. This approach exceeds the scope of the Court's grant of leave, undermines the Court's prior orders, and disregards principles of judicial economy. The purpose of pre-trial procedures, like the Court's pre-motion conference requirement and motions brought under Rule 12, is to act as a funnel–narrowing the issues and providing defendants notice of the claims against them. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("The function of pleadings under the Federal Rules is to give fair notice of the claim asserted . . . and identify the nature of the case so it may be assigned the proper form of trial."); *see also Kowalchuck v. Metro. Transportation Auth.*, 94 F.4th 210, 214 (2d Cir. 2024) ("Pre-motion conferences may serve a useful purpose, as they enable district judges, for example, to weed out frivolous motions, narrow the issues, and set briefing schedules."). By filing this sprawling SAC after extensive motion practice, Plaintiffs invert the funnel contemplated by the Federal Rules into an hourglass—widening the case at the very stage when it should be narrowing. This approach is incongruent with the Federal Rules' mandate to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Nationwide Mut. Ins. Co. v. Mortensen*, 606 F.3d 22, 28 (2d Cir. 2010) (finding "no error in the district court's procedures" where claims were dismissed under Rule 1).

---

[2]    A boiler plate request to amend, such as the one here, without any explanation of how amendment would cure identified deficiencies, is itself a sufficient basis to deny leave. As the Second Circuit has held, a "district court acts within its discretion in denying a request for leave to amend when the plaintiff conclusorily requests leave to amend without specifying what additional factual allegations it would include if leave were granted, or how an amended complaint would cure the deficiencies" identified by the district court. *Doe v. Syracuse Univ.*, No. 22-2674, 2023 WL 7391653, at *3 (2d Cir. Nov. 8, 2023).

6

### B.     *Procedural History Confirms the Overreach*

The procedural history of this case illustrates this point.  In accordance with the Court's Individual Practices, Defendants Herbert Subin and Lupi filed pre-motion conference letters previewing dismissal grounds, including:  (1) Plaintiffs' lack of statutory standing under RICO because they failed to plead direct injury; (2) Plaintiffs' inadequate RICO predicate act allegations; and (3) Plaintiffs' failure to plead other RICO elements.  *See* ECF Nos. 17 & 18.  From that point on, Plaintiffs were on notice of the issues Defendants raised.  In response, Plaintiffs requested leave to amend, *see* ECF No. 21, which the Court granted, *see* November 12, 2024, Text Order, and Plaintiffs filed their FAC, ECF No. 26.

Soon after, the Court entered a Scheduling Order that explicitly required the parties to move "to join new parties or amend pleadings" by March 5, 2025, a deadline that the Scheduling Order made explicit "cannot be adjourned except by Court order."  ECF No. 31 at 6.  The Court also made clear that the deadline for the completion of fact discovery was September 30, 2025.[3] *Id.*  Notwithstanding this framework, Plaintiffs filed their SAC in July 2025, adding five new parties and four new claims without seeking leave or showing good cause.  That directly violated both the Court's dismissal order—which permitted only a narrow amendment—and Rule

---

[3]     Although the Court's prior order stayed discovery pending the filing of Defendants' answers to the SAC and/or resolution of any subsequent motion(s) to dismiss, *see* ECF No. 56, that stay was imposed for Defendants' benefit—namely, to avoid subjecting them to discovery requests following the Court's grant of their motions to dismiss.

7

16(b)(4), which requires a showing of "good cause" to amend a scheduling order. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

### C.   Fairness and Prejudice

Allowing the SAC would also subvert fairness.  First, the addition of five new parties and four new claims so close to the close of fact discovery would make it impossible to meet the September 30 deadline and would prejudice Defendants, who have already filed multiple rounds of briefing.  Second, the new allegations appear to be matters of which Plaintiffs were aware at the outset of the case; they cannot justify the delay by pointing to newly discovered evidence.  Third, Defendants placed Plaintiffs on notice of their RICO causation deficiencies as early as November 2024 in their first pre-motion letters.  *See* ECF Nos. 17 & 18.  Plaintiffs' FAC did little to address those deficiencies,[4] and the Court's June 2025 dismissal order focused squarely on that issue.  By expanding instead of narrowing, Plaintiffs frustrate the orderly progress of the case.

### D.   Disposition

Defendants raised these concerns in their pre-motion letter regarding the SAC.  *See* ECF No. 58.  The Court therefore construes Defendants' letter as a motion to reconsider the Court's grant of leave to amend.[5]  Because the SAC so plainly exceeds the limits of the Court's order

---

[4]   The FAC contains only limited changes from the original complaint.  Plaintiffs added "John Does 1–50" as defendants, inserted conclusory references to mail and wire fraud, listed civil RICO actions against the Subin Defendants in this District and the Subin Firm's withdrawal from certain labor law cases, and expanded the description of damages by characterizing Roosevelt as a "reinsurer" and Tradesman as a "management general agency."  *Compare* FAC, *with* ECF No. 1.

[5]   The Second Circuit has "occasionally approved the practice of construing pre-motion letters as the motions themselves under appropriate circumstances." *Kowalchuck*, 94 F.4th at 217.  The Court finds that the circumstances are appropriate here as there has already been

8

and would prejudice Defendants, the Court agrees that it should not be considered. *See Palm Beach*, 457 F. App'x at 43 (affirming dismissal of amended claims that exceeded scope of leave). Plaintiffs have now had multiple chances to land their case. Instead of touching down on the narrow strip the Court cleared for them, they overshot the runway—adding new parties, new theories, and hundreds of new paragraphs. If they wish to pursue those new claims, they will need to land at a different airport.

## CONCLUSION

For the reasons set forth above, the Court rejects the SAC,[6] deems the FAC the operative pleading, and, on reconsideration of its prior order granting leave to amend, now concludes that any further amendment would be futile and prejudicial. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility, bad faith, undue delay, and prejudice all justify denying leave). The FAC's federal claims (Counts I and II) are therefore DISMISSED with prejudice; the Court declines to exercise supplemental jurisdiction over Counts III and IV, which are DISMISSED without prejudice; and Count V, seeking declaratory relief, is DISMISSED for lack of an independent jurisdictional basis. The Clerk of Court is respectfully directed to enter judgment consistent with this order and to close this case.

SO ORDERED.

                                              */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
        September 16, 2025

---

extensive briefing on the motion to dismiss the FAC and the issue of whether the SAC exceeds the scope of the Court's leave is "predominantly legal." *Id.*

[6]     The Court makes no judgment on the merits of Plaintiffs' SAC.